# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| MICHELE DUNCAN, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. 1:23-cv-00086 |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| SELECTQUOTE INSURANCE SERVICES INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Michele Duncan (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by involves a campaign by SeletQuote Insurance Services Inc. ("SelectQuote") to telemarket services through the use of a pre-recorded message to cellular telephone numbers in violation of the TCPA.

3. Ms. Duncan also brings this action alleging violations of the North Carolina Telephone Solicitations Act, §75-100 et. seq. ("NCTSA") because the calls were made using pre-recorded messages.

4. The recipients of these illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and NCTSA, and because the technology used by SelectQuote makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5. Plaintiff Michele Duncan is, and at all times mentioned herein was, an individual citizen of the state of North Carolina in this District.

6. Defendant SelectQuote Insurance Services, Inc. is a corporation headquartered in Kansas. It is also registered to do business in North Carolina and offers insurance services in North Carolina.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has specific personal jurisdiction over SelectQuote because the company resides in this District and Safeguard because it contracted with SelectQuote to do business in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were organized from this District.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

10. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf

of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

<u>The North Carolina Telephone Solicitations Act</u>

14. The NCTSA states that "no person may use an automatic dialing and recorded message player to make an unsolicited telephone call." §75-104(a).

15. The statute authorizes telephone subscribers that are aggrieved to file a civil action.

## **FACTUAL ALLEGATIONS**

16. Defendant SelectQuote is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. SelectQuote offers insurance services.

18. To increase its sales, and as part of a general cold-call based marketing scheme, SelectQuote markets its Services using pre-recorded voice calls to consumers.

19. Plaintiff Duncan's telephone number, 828-545-XXXX is assigned to a cellular telephone service.

20. The Plaintiff received at least four pre-recorded calls from SelectQuote on February 13 and 23, 2023.

21. The Caller ID for the calls were (828) 546-XXXX.

22. The Caller ID was "spoofed" to make it appear like a local call.

4

23. The pre-recorded message was non-specific to the recipient and asked the call recipient if here were interested and health insurance and invited them to press a number if they did not have one and wanted to learn more.

24. The call was clearly pre-recorded because (a) it was sent with automated technology used to mask Caller IDs (b) it used a singular monotone voice (c) it was a generic message not personalized for the recipient (d) there was a pause prior to the recorded message being played (e) it had the options to press a number in response to the message.

25. After the recorded message played on the last call, the Plaintiff called back the number that left her the pre-recorded message.

26. The Plaintiff spoke with Taylor Smiley from SelectQuote.

27. Taylor Smiley's e-mail address was AGENTLICENSING@SELECTQUOTE.COM.

28. Taylor Smiley promoted the health insurance offerings of SelectQuote.

29. SelectQuote later identified Safeguard as the entity that was responsible for contacting the Plaintiff.

30. The Plaintiff wrote to SelectQuote regarding the pre-recorded calls.

31. SelectQuote did not respond by denying that it made the calls.

32. The calls were not necessitated by an emergency.

33. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

# CLASS ACTION ALLEGATIONS

34. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

35. The classes of persons Plaintiff proposes to represent is tentatively defined as:

**Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

**NCTSA Recorded Message Class**: All North Carolina Telephone Subscribers whose (1) telephone numbers received calls using a recorded message player (2) from or on behalf of Defendant (3) from four years prior the filing of the Complaint through trial.

These are referred to as the "Classes".

36. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. The Classes as defined above are identifiable through phone records and phone number databases.

38. The potential members of the Classes number at least in the hundreds.

39. Individual joinder of these persons is impracticable.

40. The Plaintiff is a member of the Classes.

41. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant systematically made automated robocalls;

    (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

    (c) whether Defendant's conduct constitutes a violation of the TCPA or the NCTSA;

42. Plaintiff's claims are typical of the claims of members of the Classes.

43. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

45. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(b) on behalf of the Robocall Class**

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

50. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

<u>**SECOND CAUSE OF ACTION**</u>

**North Carolina Telephone Solicitations Act, §75-100 et. seq.**
**(On Behalf of Plaintiff and the NCTSA Class)**

51. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

52. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the NCTSA, by using a recorded message player to make an unsolicited telephone call.

53. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the NCTSA, the Plaintiff is entitled to at least $500.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as a representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and NCTSA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls using pre-recorded message, except for emergency purposes, in the future;

F. For a trial by jury for all issues so triable;

G. An award to Plaintiff and the Classes of damages, attorneys' fees and costs, as allowed by law; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

Dated: March 24, 2023             PLAINTIFF, on behalf of herself
                                  and others similarly situated,


                                  **MAGINNIS HOWARD**

                              By: /s/ Karl S. Gwaltney
                                  Karl S. Gwaltney, Esquire
                                  N.S. State Bar No. 45118
                                  7706 Six Forks Road, Suite 101
                                  Raleigh, North Carolina 27612
                                  Telephone: (919) 526-0450
                                  Fax: (919) 882-8763
                                  kgwaltney@maginnishoward.com
                                  **Local Civil Rule 83.1(d) Counsel for Plaintiff**

                                  **Paronich Law, P.C.**

                                  Anthony I. Paronich
                                  350 Lincoln Street, Suite 2400
                                  Hingham, MA 02043
                                  (617) 485-0018
                                  anthony@paronichlaw.com
                                  **Subject to Pro Hac Vice Admission**