IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00086-MR-WCM

| | | |
|---|---|---|
| MICHELE DUNCAN<br>*on behalf of herself and others similarly situated,* | )<br>)<br>)<br>) | |
| Plaintiff, | ) | ORDER |
| v. | )<br>) | |
| SELECTQUOTE INSURANCE SERVICES INC.; and<br>ZETA ACTIONS LLC; | )<br>)<br>)<br>) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Compel Zeta Actions LLC to Respond to Discovery (the "Motion to Compel," Doc. 28).

I. Relevant Background

On March 24, 2023, Plaintiff filed her original Complaint, naming only SelectQuote Insurance Services Inc. ("SelectQuote") as a defendant. Doc. 1.

On July 20, 2023, a Pretrial Order and Case Management Plan was entered. Doc. 15. Among other things, the Pretrial Order established a deadline of March 4, 2024 for the completion of court-enforceable discovery.

On October 27, 2023, Plaintiff filed an Amended Complaint. Doc. 19. That pleading asserted claims against SelectQuote and added Zeta Actions LLC ("Zeta Actions") as an additional defendant.

1

Zeta Actions, through counsel, answered the Amended Complaint on December 27, 2023. Doc. 26.[1]

In the Motion to Compel, Plaintiff states that Zeta Actions was served with discovery on December 29, 2023, and a copy of a first set of discovery to Zeta Actions, which contains interrogatories and document requests, is attached to the Motion to Compel. Doc. 28-1.[2]

The Motion to Compel further indicates that counsel for Plaintiff made multiple attempts to reach counsel for Zeta Actions and that the parties ultimately conferred by phone but that Zeta Actions "simply hasn't responded" to Plaintiff's written discovery requests. Doc. 28 at 1.

The Motion to Compel was filed on March 4, 2024. Zeta Actions has not responded and the time for doing so has expired.

II. Discussion

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding any nonprivileged matter that is relevant to that party's claim or defense and is proportional to the needs of the case. When a party fails to answer an interrogatory that has been served under Rule 33 or

---

[1] The signature block for the Answer showed a signature of John Du Wors and stated that a *pro hac vice* application for him was pending. However, no such application has been submitted. The Answer was also signed, and filed, by counsel in this district.

[2] A certificate of service does not appear on the discovery requests but counsel, in the Motion to Compel, represents specifically that Zeta Actions "was served with discovery on December 29, 2023." Doc. 28 at 1.

fails to respond to a document request that has been served pursuant to Rule 34, the propounding party may move for an order compelling an answer or response. F.R.C.P. 37(a)(3)(B). "[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Torres v. Ishee, No. 1:21-CV-00068-MR, 2024 WL 965245, at *2 (W.D.N.C. Feb. 7, 2024) (quoting Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)).

Answers to interrogatories are due within 30 days after the recipient has been served with the interrogatories; any objection that is not timely made is waived unless the court, for good cause, excuses the failure. F.R.C.P. 33(b)(2), (4). Similarly, responses to document requests are due within 30 days after the recipient has been served with the requests; any objections must state whether any responsive materials are being withheld on the basis of those objections. F.R.C.P. 34(b)(2).

Here, Zeta Actions has failed to make any response to Plaintiff's first written discovery requests, or to the Motion to Compel.

Consequently, Zeta Actions will be ordered to respond. The undersigned also finds that Zeta Actions has waived any objections regarding the relevance or scope of Plaintiff's written discovery requests. The Court, however, in its discretion will not prohibit Zeta Actions from asserting any legitimate claim of privilege when it provides its answers and responses.

3

Case 1:23-cv-00086-MR-WCM    Document 29    Filed 03/20/24    Page 3 of 5

Though Plaintiff does not ask that she be awarded her reasonable expenses associated with bringing the Motion to Compel, the Court must consider this question nonetheless. In that regard, Rule 37 reads in part as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)  other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(a)(5).

Since the Motion to Compel is being granted, Zeta Actions will be given an opportunity to submit any information it believes is relevant on the issue of whether Plaintiff should be awarded her reasonable expenses under Rule 37.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel Zeta Actions LLC to Respond to Discovery (Doc. 28) is **GRANTED.**

2. Defendant Zeta Actions is **DIRECTED** to produce complete answers and responses to Plaintiff's first set of written discovery requests to Zeta Actions (Doc. 28-1) on or before **April 3, 2024**.

3. Defendant Zeta Actions is **GIVEN LEAVE** to file a response to this Order for the purpose of providing any information Zeta Actions believes is relevant on the issue of whether Plaintiff should be awarded her reasonable expenses under Rule 37, provided that any such response must be filed on or before **March 27, 2024**.

Signed: March 20, 2024

W. Carleton Metcalf
United States Magistrate Judge